## Kassimir Vogel *vs.* People's Mutual Fire Insurance Company.

To a declaration averring a waiver of a bar from lapse of time, a denial of such waiver is a sufficient answer, without more distinctly setting up the bar.

An applicant for insurance on personal property, who has made, but not delivered, a bill of. sale thereof, taking in return only a promissory note secured by mortgage thereon, may truly represent and warrant himself to be the owner thereof.

A policy of insurance on the machinery in a silk factory, which provides that it shall be of no effect while the premises shall be used for storing "cotton in bales," "rags," or "wool," or for a "cotton mill," "woollen mill," or other "manufacturing establishment or trade requiring the use of heat," is not avoided by using one room for weaving a few pieces of stuff from woollen and linen thread and cotton, spun elsewhere and kept in the room.

Action of contract upon a policy of insurance for one year from the 17th of August 1854 on the machinery in the plaintiff's silk factory. Trial before *Bigelow*, J., who made the following report thereof:

The building and machinery were destroyed by fire on the 22d of August 1854, and this action was commenced on the 24th of April 1855. The conditions of insurance, which were made part of the policy, provided that no action against the company should be sustainable on the policy, unless commenced within four months after any loss. The declaration averred that the defendants had waived this condition. The an-

swer denied such waiver, but did not set up the condition as a distinct ground of defence; and the plaintiff therefore contended that it could not be relied on as a bar to the action. But the judge ruled that this defence was open, and that the action was barred unless a waiver was shown.

The plaintiff in his application, which was expressly " made a part and portion of this policy and warranty on the part of the assured," stated that he was the owner of the property. The defendants denied the truth of this statement. It appeared that the plaintiff, before the making of the policy, and to prevent the machinery from being attached by his creditors, made a bill of sale thereof, which was never delivered, and received no consideration therefor, except a promissory note for $1800, and a mortgage to secure the same, which he still held; and that the bill of sale and mortgage were recorded in the town clerk's office. The judge ruled that this evidence did not maintain this defence.

On the face of the policy was the following clause : " And it is agreed and declared to be the true intent and meaning of the parties hereto, that in case the above mentioned premises shall, at any time after the making, and during the continuance of this insurance, be appropriated, applied or used to or for the purpose of carrying on or exercising therein any trade, business or vocation, denominated hazardous or extrahazardous, or specified in the memorandum of special rates, in the terms and conditions annexed to this policy, or for the purpose of keeping or storing therein any of the articles, goods or merchandise, in the same terms and conditions denominated hazardous or extrahazardous, or included in the memorandum of special rates,. unless herein otherwise specially provided for, or hereafter agreed by this company in writing, and added to or indorsed upon this policy, then, and from thenceforth, so long as the same shall be so appropriated, applied, used or occupied, these presents shall cease, and be of no force or effect." In the " classes of hazards " annexed to the policy, " cotton in bales," " household furniture," " rags " and " wool " were specified as " hazardous ; " " rag stores " and " upholstery manufacturers " as

" extrahazardous;" and in the "memorandum of special hazards," "cotton mills," "metal and other mills of all kinds," "woollen mills, and generally all manufacturing establishments and all trades requiring the use of fire heat, not before enumerated."

The defendants introduced evidence that the building was occupied by the plaintiff as a silk factory, except one room about thirty feet square in the lower story, which was occupied by Daniel Humphrey for the purpose of weaving carpets and pantaloon stuff; that at the time of the fire and for a month previous, Humphrey worked there and employed two or three hands to work there besides himself; that there were two looms for weaving in the room, one for carpets and one for pantaloon stuff, both of which were made of woollen and linen thread, spun elsewhere and brought there to be woven, and kept in said room; that before the fire three pieces of carpeting, containing fifty or sixty yards each, and seven pieces of pantaloon stuff, had been made there; that during most of the time that Humphrey had been in the occupation of said room he had been trying experiments in weaving, and had made many alterations from time to time in his looms in order to try such experiments; that some cotton was kept in the rooms and used in the manufacture of carpets and pantaloon stuff; and that Humphrey had no lease of the room, nor was there any agreement for a specified rent, but he was to pay the plaintiff for the use and occupation of it what he thought fair. Upon this evidence the judge ruled that the plaintiff could not recover, and directed a nonsuit, subject to the opinion of the whole court.

*C. Devens, Jr. & G. F. Hoar*, for the plaintiff, to the point of Humphrey's use of the room, cited *Rice* v. *Tower*, 1 Gray, 426 *Boardman* v. *Merrimack Mutual Fire Ins. Co.* 8 Cush. 583 *Child* v. *Sun Mutual Ins. Co.* 3 Sandf. 26; *Percival* v. *Maine M. M. Ins. Co.* 33 Maine, 242; *Richards* v. *Protection Ins. Co.* 30 Maine, 280; *Shaw* v. *Robberds*, 6 Ad. & El. 75.

*H. Chapin*, for the defendants, to the same point, cited *Lee* v *Howard Fire Ins. Co.* 3 Gray, 592; *Houghton* v. *Manufacturers Mutual Fire Ins. Co.* 8 Met. 120.

BIGELOW, J.  1. The plaintiff by his declaration dispensed with any averment in the answer that the action was barred by lapse of time.  The allegation of a waiver of such bar by necessary implication admitted its existence, and put the issue solely on the question of waiver.  It was sufficient therefore for the defendant to meet the issue thus tendered him by the plaintiff by denying in clear and distinct terms that any such waiver had been made.

2. The facts relied on to show that the plaintiff was not the owner of the property insured at the time of making application for the policy, and that his statements in this particular were false, do not sustain this ground of defence.  The bill of sale was without consideration and had never been delivered, nor had the property, either actually or constructively, ever passed out of the plaintiff's possession.  It is clear that as between vendor and vendee there had been no such delivery as to pass the property; *a fortiori*, there was none to change the title as respects third parties.

3. The remaining ground of defence, that the policy was void because the premises had been used for purposes " denominated hazardous, extrahazardous, or included in the memorandum of special hazards, and not specified in the policy," is not sustained by the proof.  It does not appear that the use of a single room in the building in the manner proved at the trial comes within any of the prohibited hazards which cannot be incurred without special leave.  The premises were not used as a " cotton mill," " woollen mill " or a " manufacturing establishment requiring the use of heat," nor for " storing cotton in bales " or " wool." These are the only occupations enumerated among those which are called hazardous, extrahazardous or specially hazardous, which in any aspect of the proof could be said to resemble those which were carried on in the premises insured ; but the evidence falls short of proving that the building was actually used during the existence of the policy for any of them.

*New trial ordered.*